UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

FRANK L LABBY                   :    CIVIL ACTION NO. 2:22-cv-02233

VERSUS                          :    JUDGE JAMES D. CAIN, JR.

LABBY MEMORIAL
ENTERPRISES, LLC                :    MAGISTRATE JUDGE KAY

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiff Frank Labby.  Doc. 6.  The motion is opposed by defendants, Labby Memorial Enterprises, LLC ("LME") and John W. Yopp ("Yopp") (collectively, "Defendants").  Doc. 9.  Plaintiff has replied, making the motion ripe for review.  Doc. 13.  The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion be **DENIED.**

## I.
### BACKGROUND

This is not the first lawsuit between these parties.  In 2018, Frank and Lisa Labby filed a petition for declaratory relief and damages against Yopp and LME seeking relief including damages for breach of contract, dissolution of the 2017 sale via which the Labbys transferred ownership of Labby Memorial Funeral Homes, Inc. to LME, and declaratory judgment as to the extent of the Labbys' ownership interest in LME and the validity of a noncompete agreement

- 1 -

between the parties. ("*Labby I*").[1]  After determining that this court had subject matter jurisdiction over *Labby I* under the diversity jurisdiction statute,[2] this court adjudicated plaintiffs' *Labby I* claims via a series of judgments, the last of which was issued on September 24, 2020.[3]

On July 11, 2022, plaintiff filed a new petition for declaratory judgment in the 36th Judicial District Court, Parish of Beauregard, State of Louisiana ("*Labby II*").  Doc. 1, att. 1, p. 2.  The *Labby II* petition again alleges that plaintiff and the defendants executed certain agreements which, among other things, transferred a percentage of ownership interest in LME to plaintiff.  Doc. 1, att. 1., p. 2-4, ¶ 3-6.  The *Labby II* petition seeks "declaratory judgment declaring the ownership interest and status of Frank L. Labby in" LME and related relief.  *Id.*, p. 4.

Defendants timely removed the case to this court based on diversity jurisdiction, 28 U.S.C. § 1332, asserting that diversity jurisdiction exists because the amount in controversy exceeds $75,000 and the parties are of diverse citizenship.  Doc. 1.

---

[1] *See* Notice of Removal and attachments, *Labby v. Labby Mem'l Enters., Inc. ("Labby I")*, No. 2:18-cv-1388, Doc. 1 (W.D. La. 10/24/18) and First Amended, Restated and Supplemental Petition for Declaratory Judgment and for Other Relief, *Id.* Doc. 37 (W.D. La. 1/22/20).

[2] *See Labby I*, No. 2:18-cv-1388, 2019 WL 3431644 (W.D. La. June 10, 2019), *report and recommendation adopted*, No. 18-CV-1388, 2019 WL 3432491 (W.D. La. July 29, 2019).

[3] *See Labby I*, No. 2:18-CV-01388, partial dismissals with prejudice:

- 2020 WL 882069, at *4 (W.D. La. Feb. 21, 2020) (dismissing claims under La. R.S. §§ 23:631 and 23:632);

- 2020 WL 1667287, at *3 (W.D. La. Apr. 3, 2020) (dismissing claims for breach of contract with respect to the Right of First Refusal Agreement);

- 2020 WL 4249406, at *1 (W.D. La. July 23, 2020) (dismissing claims for dissolution of sale);

- 2020 WL 4586898, at *4 (W.D. La. Aug. 10, 2020) (dismissing claims under the non-compete agreement);

- 2020 WL 5623987, at *2 (W.D. La. Sept. 18, 2020) (dismissing claims for declaratory judgment as to non-compete agreement);

- 2020 WL 5742539, at *2 (W.D. La. Sept. 24, 2020)(dismissing declaratory judgment claim as to membership interest); and

- 2020 WL 5745506, at *3 (W.D. La. Sept. 24, 2020) (dismissing claims for breach of contract relating to management agreement).

Plaintiff filed a timely motion to remand. Doc. 6. Plaintiff contends that this court lacks jurisdiction because the defendants cannot meet their burden of showing that the amount in controversy exceeds $75,000. Doc. 6, p. 2, ¶ 3. Specifically, Plaintiff references "conclusory allegations" as to the amount in controversy in the notice of removal. *Id., see also* Doc. 6, att. 5, p. 13-14. Plaintiff also contends that there is not complete diversity here because he is a member of LME, which makes both he and LME citizens of Louisiana. *Id.*, p. 14-15.

In response to the motion to remand, the defendants argue that that the matter in controversy exceeds $75,000 because the object of the litigation is Labby's ownership interest in LME, which "easily" exceeds the jurisdictional amount, and because there has been no material change in circumstances since this court's determinations in *Labby I* that Frank Labby is not a member of LME[4] and that Frank Labby and LME are of diverse citizenship.[5] Doc. 9.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S. Ct. 1673, 1675 (1994)). Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that

---

[4] *See Labby I*, No. 2:18-CV-01388, 2020 WL 5742539, at *2 (W.D. La. Sept. 24, 2020)(dismissing declaratory judgment claim as to membership interest).

[5] *See Labby I*, No. 2:18-cv-1388, 2019 WL 3431644, at *1 (W.D. La. June 10, 2019), *report and recommendation adopted*, No. 18-CV-1388, 2019 WL 3432491 (W.D. La. July 29, 2019).

removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

**A. The parties are diverse.**

Plaintiff argues that there is no diversity of citizenship between himself and defendant LME. Doc. 6, att. 5, p. 14-15. It is undisputed that plaintiff is a resident of Louisiana. Doc. 1, p. 2, ¶ 2. Plaintiff argues that defendant LME is also a citizen of Louisiana; this argument is premised on the theory that plaintiff is a member of LME and that plaintiff's citizenship should be imputed to LME. Doc. 6, att. 5, p. 14-15. An LLC derives its citizenship from its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

As a limited liability company, LME derives its citizenship from its members. This court determined that plaintiff was ***not*** a member of LME in 2020, reasoning:

> What is fatally absent in Frank's opposition, is any evidence that either he was a member upon the initial organization of the limited liability company, or that the sole member of the limited liability company, John [Y]opp, consented to Frank being a member of the company.

*Labby I*, No. 2:18-CV-01388, 2020 WL 5742539, at *2 (W.D. La. Sept. 24, 2020)(memorandum ruling on defendants' partial motion for summary judgment, dismissing with prejudice Frank Labby's claims for declaratory judgment as to his alleged interest as a member of LME)(alteration added).

This court determined that Frank Labby was not a member of LME in 2020. He suggests that he became a member of LME since then, by operation of a "mandatory provision" of LME's operating agreement without any action by John Yopp. Doc. 6, p. 3-4. We note that the operating agreement was effective as of October 24, 2016 [doc. 6, att. 1, p. 14], and was provided to the

court in 2020.[6]  Because the court considered the operating agreement when making its 2020 decision, only an intervening event could cause us to depart from the court's prior analysis.  On August 11, 2022, plaintiff signed an affidavit that plaintiff consents to being bound by LME's Operating Agreement [doc. 6, att. 2], which he believes makes plaintiff a member of LME.  Doc. 6, p. 3. ¶ 6.  Even if that document changed plaintiff's membership status, it has no bearing on the citizenship of the parties at the time suit was filed.  When deciding the citizenship of the parties, the court must look to the citizenship of the parties on the date the complaint was filed. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).  "Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." *Id.*   We therefore conclude that LME is a citizen of Georgia because it derives its citizenship from its sole member, Yopp,[7] who is an undisputed citizen of Georgia [doc. 9, p. 6], making the Georgia defendants diverse from the Louisiana plaintiff.

## B.  The amount in controversy is satisfied.

Plaintiff argues that defendants have not borne their burden of showing that the amount in controversy exceeds $75,000.  Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Code Civ. Proc. art. 893).  When a civil action does not set forth an amount in controversy, then "the defendant's [plausible] amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1056 (5th Cir. 2022) (quoting *Dart Cherokee Basin Operating*

---

[6] *See Labby I*, No. 2:18-CV-01388, Doc. 66, att. 3 & 7 (W.D. La. July 22, 2020)(the operating agreement is attached to Yopp's affidavit supporting LME's motion for partial summary judgment).

[7] *See* Doc. 9, att. 1 (Yopp affidavit).

*Co., LLC v. Owens*, 135 S. Ct. 547)(alteration original). "When the defendant's allegation is questioned, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" *Id.*

Plaintiff alleges that he owns a 19% interest in LME and seeks declaratory judgment regarding his ownership interest, status, rights, and obligations in LME. Doc. 1, att. 1, p. 4 (prayer for relief). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 97 S. Ct. 2434, 2443 (1977); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013); *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). This calculation is made in consideration of "the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). When parties seek equitable remedies (such as declaratory relief) regarding their ownership in property, courts often determine the value of the object of the litigation by considering the fair market value of the property at issue. *See, e.g.*, *Farkas*, 737 F.3d at 341.

Defendants attach to the notice of removal evidence showing that the assets with which LME currently operates its business were purchased for a total price of $1,600,000. Doc. 1, att. 1, pp. 8-13. In attachments to their opposition briefing, defendants show via summary-judgment style evidence that in each of the years from 2019-2021, LME reported on its tax returns total income exceeding of $1.2 million. Doc. 9, att. 1, p. 3, ¶ 21 (Yopp affidavit) and doc. 12 (sealed tax returns). Defendants also attach a confidential document purporting to be an offer by Frank Labby to purchase LME. Doc. 12, p. 196-197 (sealed purchase offer). The purchase price is large enough that a 19% interest exceeds $75,000.

Considering the foregoing, defendants have borne their burden of showing by preponderance of the evidence that the amount in controversy exceeds $75,000, satisfying the jurisdictional threshold under 28 U.S.C. § 1332, and that the parties are of diverse citizenship.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 6] be **DENIED**.

Under the provisions of 28 U.S.C. §636 and  Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 13th day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE