UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**FRANK L LABBY**   CASE NO. 2:22-CV-02233

**VERSUS**   JUDGE JAMES D. CAIN, JR.

**LABBY MEMORIAL ENTERPRISES L L C ET AL**   MAGISTRATE JUDGE LEBLANC

MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 26] filed by defendants Labby Memorial Enterprises LLC and John W. Yopp. Plaintiff Frank L. Labby opposes the motion. Doc. 28.

I.
BACKGROUND

This suit arises from an Asset Purchase Agreement in March 2017, whereby Labby Memorial Funeral Homes, Inc. (through its authorized agent, Frank Labby) sold all of its assets to Labby Memorial Enterprises, LLC ("LME"). Yopp formed LME as a Louisiana limited liability company in October 2016 and adopted a written operating agreement. Doc. 9, att. 1, ¶ 4; doc. 9, att. 4. The Operating Agreement states: "The sole member of Labby Memorial Enterprises, LLC at the time of adoption of this agreement is John W. Yopp (the 'Member')." *Id.* Regarding the admission of new members, the Operating Agreement provides:

> D. <u>Creation or Substitution of New Members</u> Any Member may assign in whole or in part its Membership Interest only with the prior written consent of all Members.

> . . . .
> 2. *Partial transfer.* If a Member transfers only a portion of its Membership Interest, the transferee shall be admitted to the Company as an additional Member upon its execution of an instrument signifying its agreement to be bound by the terms and conditions of this Agreement.
> 3. Whether a substitute Member or an additional Member, absent the written consent of all existing Members of the company, the transferee shall be a limited member and shall possess only the percentage of the monetary rights of the transferor Member that was transferred without any voting power as a Member in the Company.

Doc. 9, att. 4, p. 3.

Pursuant to an Addendum Agreement signed on March 3, 2017, Yopp transferred a total of 19 percent ownership interest in LME to Frank Labby in one percent increments between June 2017 and December 2021. Doc. 9, att. 1, ¶ 9. These transfers were memorialized in a "Transfer of Ownership," which does not mention the word "member" or otherwise purport to make Labby a member of LME. *Id.* at ¶¶ 9–10; *see* doc. 9, att. 5; doc. 1, att. 1, pp. 42–47. Yopp avers that he has never consented, in writing or otherwise, to Labby becoming a member of LME. Doc. 9, att. 1, ¶ 13.

Nevertheless, Labby filed suit against Yopp and LME in state court in October 2018. Yopp and LME promptly removed the matter to this court. *Labby v. Labby Memorial Enterps., LLC*, No. 2:18-cv-1388 (W.D. La. Oct. 22, 2020). There Labby challenged LME's failure to compensate him for the non-competition agreement executed as part of the sale. He raised several causes of action, including under Count VI of the First Amended Complaint a request for "declaratory judgment to determine his ownership interest and status in Labby Memorial Enterprises, LLC." *Id.* at doc. 37, ¶ 40. Defendants moved for summary judgment on this claim, arguing that despite the Transfers of Ownership issued

to date, Labby had not become a member under the terms of the Operating Agreement. *Id.* at doc. 66. In opposition Labby argued that the transfer of an ownership interest granted him membership in the company by operation of Louisiana law. The court sided with defendants, ruling:

> What is fatally absent in Frank's opposition, is any evidence that either he was a member upon the initial organization of the limited liability company, or that the sole member of the limited liability company, John [Y]opp, consented to Frank being a member of the company. The statutory language expressly provides for an assignee to have a financial interest in a limited liability company without any rights to vote or participate in the management of LME.

*Id.* at doc. 90, p. 3. The court also dismissed the remainder of Labby's claims on summary judgment and entered final judgment in the matter on October 22, 2020. *Id.* at doc. 94. Labby did not file an appeal.

Labby filed a new suit in state court in July 2022. As his sole cause of action he seeks declaratory judgment on his ownership interest and status in LME based on the Transfers of Ownership. Doc. 1, att. 1. Defendants removed the matter to this court on the basis of diversity jurisdiction.[1] Doc. 1. They argue that (1) Labby's claim is barred by *res judicata* and (2) it is undisputed that he is not a member of LME, based on the lack of consent from Yopp. Labby opposes the motion, ignoring defendants' *res judicata* assertion

---

[1] In the original suit, the undersigned disclosed to the parties (who are represented by the same counsel in this matter) that he had been contacted by Mr. Labby while in private practice about this matter but had not reviewed any documents related to the case or taken Mr. Labby on as a client. *Labby v. Labby Memorial Enterps. LLC*, No. 2:18-cv-1388, at doc. 26. Thereafter defendants filed a Notice of No Objection to proceeding before the undersigned. *Id.* at doc. 27. The undersigned has presided over this matter since it was removed to federal court over two years ago and ruled on various motions with no objections from defendants. Accordingly, he treats their consent to proceed in the prior case is effective for this one as well.

and maintaining that Yopp's consent was not required for his non-voting membership, which occurred automatically with the transfers. Doc. 28.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

"As a matter of federal common law, federal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interests." *Dotson v. Atlantic Spec. Ins. Co.*, 24 F.4th 999, 1002–03 (5th Cir. 2022) (quoting *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020)). Accordingly, Louisiana law governs the applicability of *res judicata* in this matter. As under federal law, "[t]he purpose of *res judicata* is to promote judicial efficiency and final resolution of disputes by preventing needless relitigation." *Oleskowicz v. Exxon Mobil Corp.*, 156 So.3d 645, 648 (La. 2014). The party raising the objection of *res judicata* bears the burden of proof. *Five N Company, LLC v. Stewart*, 850 So.2d 51, 60 (La. Ct. App. 5th Cir. 2003). The doctrine is strictly construed and any doubt concerning its application must be resolved against the party raising the objection. *Berrigan v. Deutsch, Kerrigan & Stiles, LLP*, 806 So.2d 163, 167 (La. Ct. App. 4th Cir. 2002).

Under La. R.S. § 13:4231, the following elements must be met for *res judicata* to bar a claim: (1) the original judgment is valid, (2) the original judgment is final, (3) the parties are the same, (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation, and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject of the first suit. *Cook v. Marshall*, 645 F.Supp.3d 543, 550 (E.D. La. 2022); *see also*

*Chevron U.S.A., Inc. v. State*, 993 So.2d 187, 194 (La. 2008). Additionally, *res judicata* will not apply "[w]hen exceptional circumstances justify relief from the res judicata effect of the judgment[.]" La. R.S. § 13:4232(A)(1).

Labby raises no argument against the application of *res judicata* in this matter. The original judgment is valid and final, made between identical parties. The cause of action arose out of the same transaction as the original suit[2] and existed at the time that suit was dismissed. "A declaratory judgment does not constitute an absolute bar to subsequent proceedings where the party is seeking other remedies, even though based upon claims which could have been asserted in the original action." *Pace Royalty Trust Fund, Inc. v. O'Neal*, 927 So.2d 687, 691 (La. Ct. App. 2d Cir. 2006). But plaintiff is seeking identical relief and fails to raise any exceptional circumstances. Accordingly, there is no bar to the application of *res judicata* in this matter. The doctrine's purpose would be flouted by giving Mr. Labby another bite at the apple.

---

[2] Although additional "transfers of ownership" took place after the first suit was dismissed, all of the transfers were issued pursuant to an Addendum Agreement signed on March 3, 2017. *See* doc. 9, att. 5; doc. 1, att. 1, p. 40. The first of the transfers, issued in June 2017, specifies the dates of future transfers and that [t]he transfer of _1%_ ownership will cease after 19% of shares have been distributed or Labby Memorial Enterprises, LLC sells the stock or assets of the company. Whichever comes first." Doc. 1, att. 1, p. 42. In the Petition for Declaratory Judgment filed in this matter, Labby complains that he "has never received any membership or stock certificate of Labby Memorial Enterprises, LLC" and asks the court to determine his ownership interest and legal status in same. *Id.* at 4. Accordingly, the petition in this matter arose from the same transaction (the Addendum Agreement) as the prior suit.

## IV.
### Conclusion

For the reasons stated above, the Motion for Summary Judgment [26] will be **GRANTED** and this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 19th day of December, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**